## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.:**

CLAUDETTE PAGANO,

       Plaintiff,

vs.

ERIC PEKROL, individually, the CITY OF
FORT LAUDERDALE, a Florida Municipal
corporation, and YOLO MUSIC LAS OLAS,
LLC, a Florida limited liability company,

       Defendants.

_____/

## COMPLAINT
## INTRODUCTORY STATEMENT

1.     This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against Defendant ERIC PEKROL, individually, Defendant CITY OF FORT LAUDERDALE, a Florida Municipal corporation, and Defendant YOLO MUSIC LAS OLAS, LLC, a Florida limited liability company.

2.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the First and Fourteenth Amendments to the United States Constitution.  The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.   Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. §1367(a).

3.     Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the

Florida Statutes.

## **PARTIES**

4. Plaintiff CLAUDETTE PAGANO (hereinafter "Plaintiff") is a resident of Fort Lauderdale, Broward County, state of Florida.

5. At all times referred to herein, Defendant ERIC PEKROL [hereinafter PEKROL or Defendant PEKROL] was employed as a police officer for Defendant CITY OF FORT LAUDERDALE, and was acting under the direction and control of Defendant CITY OF FORT LAUDERDALE, and in such capacity as an agent, servant and employee of Defendant CITY OF FORT LAUDERDALE, and its police department.  At the time of the incident set forth herein, and with the knowledge and consent of Defendant CITY OF FORT LAUDERDALE, Defendant PEKROL was working an off-duty detail for Defendant YOLO MUSIC LAS OLAS, LLC, a Florida limited liability company.

6. Defendant CITY OF FORT LAUDERDALE [hereinafter CITY or CITY OF FORT LAUDERDALE, or Defendant CITY OF FORT LAUDERDALE] is a Florida municipal corporation, organized and existing under the laws of the state of Florida.  In this cause, the CITY acted through its agents, employees, and servants, including Defendant PEKROL, and others.

7. Defendant YOLO MUSIC LAS OLAS, LLC [hereinafter YOLO or Defendant YOLO], a Florida limited liability company. regularly transacting business in Fort Lauderdale, Broward County, state of Florida, and with a principle place of business located in Fort Lauderdale, Florida.  At the time of the incident set forth herein, and with the knowledge and consent of Defendant CITY OF FORT LAUDERDALE, Defendant PEKROL was working an off-duty detail for YOLO, and as such, was acting as an agent, employee, or servant of Defendant YOLO MUSIC LAS OLAS, LLC, a Florida limited liability company.

8.     Plaintiff sues Defendant PEKROL in his individual capacity.

## FACTS COMMON TO ALL COUNTS

9.     On April 9, 2015, Plaintiff went to the Lobster Bar Sea Grille (hereinafter "Lobster Bar") located at 450 E. Last Olas Boulevard, Fort Lauderdale, Broward County, state of Florida, with Michael L. Finestein and his wife, Colleen, as well as Ted Birch, for a belated birthday dinner and because Mr. Finestein wanted to thank Plaintiff for recommending a potential client to his law firm.

10.     Plaintiff traveled to Lobster Bar with Colleen, who suggested that Plaintiff valet park her motor vehicle across the street at YOLO, a restaurant located on the north side of Las Olas Boulevard.

11.     Plaintiff valet parked and joined her friends for food and drinks at Lobster Bar.

12.     At all times material hereto, Plaintiff was self-employed in marketing and public relations, and while at Lobster Bar Plaintiff spoke with patrons and passed out flyers as a means of increasing interest in the scheduled grand opening of a spa the following evening in Lauderdale-by-the-Sea, Florida.

13.     During a period of approximately 3-4 hours at Lobster Bar, Plaintiff mixed work with social activities, and had food and approximately 1.5 drinks.

14.     Plaintiff left Lobster Bar with Mr. Finestein, and walked across the street to join Colleen, who was already standing outside YOLO speaking with several persons, including Defendant PEKROL.

15.     Mr. Finestein did not want to drive and did not want Colleen to drive, and together with Plaintiff discussed transportation options such as Uber, or a taxi.

16.     Plaintiff also did not want to drive and considered taking a Uber or taxi, or simply walking home, insofar as Plaintiff lived in the Rio Vista section of Fort Lauderdale, just three blocks

south of the New River (i.e., just south of Las Olas Boulevard).

17.     Plaintiff provided the valet with her ticket and explained that she needed to make arrangements to pick up her motor vehicle in the morning.

18.     Plaintiff requested either the return of her keys, or asked that the valet leave her keys with management at YOLO so Plaintiff could retrieve her vehicle in the morning.

19.     Mr. Finestein and Colleen left, whereupon the valet refused to return Plaintiff's keys or assist in making arrangements for Plaintiff to retrieve her keys in the morning, whereupon Plaintiff asked to speak with a manager or a police officer, and otherwise protested the conduct of the valet.

20.     At all times material hereto, Defendant PEKROL worked a permanent off-duty detail at YOLO, and had a close working relationship with the valet staff.   While working the off-duty detail, Defendant PEKROL was dressed in full police uniform.

21.     In full police uniform, Defendant PEKROL witnessed Plaintiff's protests and approached Plaintiff from behind and grabbed her by the arm, and physically escorted her to a nearby vehicle, whereupon Plaintiff was placed in the back seat.

22.     Plaintiff was placed in flex-cuffs, after which Defendant PEKROL returned to valet stand and retrieved Plaintiff's purse, the contents of which he dumped on the hood of the car.

23.     Defendant PEKROL searched the contents of Plaintiff's purse, whereupon Plaintiff was transported to jail.

24.     Plaintiff was subsequently charged by Defendant PEKROL with the offense of disorderly conduct, contrary to Florida Statute §877.03.  The actions of Defendant PEKROL, by intentionally causing the arrest of Plaintiff for the offense of disorderly conduct, were unreasonable and unwarranted, without legal authority, and in the absence of probable cause that Plaintiff

committed any criminal offense.

25.     At all times material hereto, Defendant PEKROL knew that his sworn police reports would be submitted to prosecuting authorities, and relied upon by them for the filing of criminal charges against Plaintiff.

26.     The police reports prepared by Defendant PEKROL for submission to prosecuting authorities contained false statements and material omissions necessary to a finding of probable cause that Plaintiff committed the offense of disorderly conduct.

27.     The probable cause affidavit prepared by Defendant PEKROL included the false claim that Plaintiff "was stumbling and had difficulty maintaining her balance when she walked," when, as Defendant PEKROL knew, she did not.

28.     The probable cause affidavit prepared by Defendant PEKROL included the false claim that Plaintiff "indicated that she wanted to obtain her car keys so she could drive home," when, as Defendant PEKROL knew, she did not.

29.     The probable cause affidavit prepared by Defendant PEKROL included the false claim that Plaintiff "had a strong odor of an alcoholic beverage coming from her breath," when, as Defendant PEKROL knew, she did not.

30.     The probable cause affidavit prepared by Defendant PEKROL included the false claim that Plaintiff "was slurring her words," when, as Defendant PEKROL knew, she did not.

31.     The probable cause affidavit prepared by Defendant PEKROL included the false claim that Plaintiff "was irate and yelling," when, as Defendant PEKROL knew, she did not.

32.     The probable cause affidavit prepared by Defendant PEKROL included the false claim that Plaintiff "slammed her purse on the valet stand and continued screaming at everyone around her," when in fact, she did not.

33.     The probable cause affidavit prepared by Defendant PEKROL included the (false) claim that "the valet employees and several customers at YOLO stopped their normal activities to observe" Plaintiff's actions, but omitted the material fact that none of Plaintiff's words constituted so-called "fighting words" (i.e., by their very utterance inflicted injury) or were words tending to incite an immediate breach of the peace (i.e., such a shouting "fire" in a crowded movie theater, or words likely to cause others to act with violence towards law enforcement officers, or others), and as such, Plaintiff words and expressive conduct were protected under the First Amendment regardless of whether any person "stopped their normal activities to observe," which they did not.

34.     The probable cause affidavit prepared by Defendant PEKROL included the claim that Defendant PEKROL "grabbed [Plaintiff] by the right arm and escorted her off of the property," but omitted the material fact that Defendant PEKROL had no legal basis to go hands-on, or otherwise use force to "escort[] [Plaintiff] off the property."

35.     On July 8, 2016, the matter of *State of Florida v. Claudette Pagano* proceeded to trial before the Honorable Kenneth A. Gottlieb, in the County Court of the Seventeenth Judicial District, in and for Broward County, Florida.

36.     At trial, only Defendant PEKROL testified.

37.     Following the testimony of Defendant PEKROL, Judge Gottlieb granted the defendant (i.e., Ms. Pagano's) motion for judgment of acquittal, and Plaintiff has never been convicted by any prosecuting authority of any criminal offense as a result of her arrest by Defendant PEKROL on April 9, 2015.

38.     The conduct of Defendant PEKROL, as set forth herein, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST
### DEFENDANT PEKROL, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For her cause of action against Defendant PEKROL, individually, in Count I, Plaintiff states:

39.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 38.

40.     Plaintiff's arrest by Defendant PEKROL was in retaliation for Plaintiff's protected speech and expressive conduct under the First Amendment.

41.     The conduct of Defendant PEKROL towards Plaintiff was unreasonable under the Fourth Amendment and likely to deter a person of ordinary firmness from the exercise of First Amendment rights.  The conduct of Defendant PEKROL towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C. § 1983.

42.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including loss of business reputation/goodwill.

43.     As a further direct and proximate result of the conduct of Defendant PEKROL, individually, Plaintiff suffered loss of her liberty and freedom, mental anguish, loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages;

    ii.     Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.     Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT II**
**PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT PEKROL, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For her cause of action against Defendant PEKROL, individually, in Count II, Plaintiff states:

44.    Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 38.

45.    Defendant PEKROL proximately caused Plaintiff's arrest in the absence of lawful authority or probable cause that Plaintiff committed any criminal offense.

46.    The conduct of Defendant PEKROL towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth Amendment and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

47.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including loss of business reputation/goodwill.

48.    As a further direct and proximate result of the conduct of Defendant PEKROL, individually, Plaintiff suffered loss of her liberty and freedom, mental anguish, loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT PEKROL, INDIVIDUALLY

For her cause of action against Defendant PEKROL, individually, in Count III, Plaintiff states:

49.    Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 38.

50.    Defendant PEKROL proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

51.    The conduct of Defendant PEKROL towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

52.    Additionally or alternatively to the allegations set forth herein, if the false arrest/false imprisonment of Plaintiff by Defendant PEKROL occurred outside the course and scope of his employment with Defendant CITY OF FORT LAUDERDALE or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false imprisonment of Plaintiff was committed by Defendant PEKROL in his individual capacity.

53.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including loss of business reputation/goodwill.

54.     As a further direct and proximate result of the conduct of Defendant PEKROL, individually, Plaintiff suffered loss of her liberty and freedom, mental anguish, loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

    i.     Judgment for compensatory damages in excess of $15,000 dollars;

    ii.     Judgment for exemplary damages;

    iii.     Cost of suit;

    iv.     Trial by jury as to all issues so triable; and

    v.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT YOLO

For her cause of action against Defendant YOLO, in Count IV, Plaintiff states:

55.     Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations of paragraphs 1 through 38.

56.     Defendant PEKROL proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

57.     The conduct of Defendant PEKROL towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

58.     The conduct of Defendant PEKROL constitutes false arrest/false imprisonment of Plaintiff under Florida law.

59.     Additionally or alternatively to the allegations set forth herein, if the conduct of Defendant PEKROL occurred outside the course and scope of his employment for Defendant CITY OF FORT LAUDERDALE, the false arrest/false imprisonment of Plaintiff by Defendant PEKROL occurred in the course and scope of his off-duty employment for Defendant YOLO.

60.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including loss of business reputation/goodwill.

61.     As a further direct and proximate result of the conduct of Defendant YOLO, Plaintiff suffered loss of her liberty and freedom, mental anguish, loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

  i.     Judgment for compensatory damages in excess of $15,000 dollars;

  ii.    Judgment for exemplary damages;

  iii.   Cost of suit;

  iv.    Trial by jury as to all issues so triable; and

  v.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT V**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST**
**DEFENDANT CITY OF FORT LAUDERDALE**

For her cause of action against Defendant CITY OF FORT LAUDERDALE, in Count V, Plaintiff states:

62.     Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 38.

63.     Defendant PEKROL proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

64.     The conduct of Defendant PEKROL towards Plaintiff was unreasonable and unwarranted and without legal authority, and constitutes false arrest/false imprisonment of Plaintiff under Florida law.

65.     The conduct of Defendant PEKROL constitutes false arrest/false imprisonment of Plaintiff under Florida law.

66.     Additionally or alternatively to the allegations set forth herein, if false arrest/false imprisonment of Plaintiff by Defendant PEKROL was not committed by Defendant PEKROL in his a capacity as an agent, servant, or employee of Defendant YOLO, and was not committed in bad faith, with malicious purposes, or a wilful or wanton disregard of human rights, safety or property, the false arrest/false imprisonment was committed by Defendant PEKROL in the course and scope of his employment for Defendant CITY OF FORT LAUDERDALE.

67.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including loss of business reputation/goodwill.

68.     As a further direct and proximate result of the conduct of Defendant CITY OF FORT LAUDERDALE, Plaintiff suffered loss of her liberty and freedom, mental anguish, loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

    i.       Judgment for compensatory damages in excess of $15,000 dollars;

    ii.      Cost of suit;

    iii.     Trial by jury as to all issues so triable; and

    iv.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI**
**MALICIOUS PROSECUTION AGAINST DEFENDANT PEKROL**

For her cause of action against Defendant PEKROL in Count VI, Plaintiff states:

69.    Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations of paragraphs 1 through 38.

70.    No reasonably cautious police officer in the position of Defendant PEKROL would have believed that Plaintiff was guilty-in-fact of the crime of disorderly conduct.

71.    Defendant PEKROL proximately caused criminal proceedings to be instituted or continued against Plaintiff with malice and in the absence of probable cause that Plaintiff committed any criminal offense by causing his police reports to be submitted to prosecuting authorities containing materially false statements and material omissions.

72.    At all times material hereto, Defendant PEKROL knew that his probable cause affidavit would be submitted to prosecuting authorities, and would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against Plaintiff.

73.    The conduct of Defendant PEKROL was reckless and without regard to whether the institution or continuation of criminal proceedings against Plaintiff for the crime of disorderly conduct were justified.

74.    The criminal proceedings instituted and/or continued by Defendant PEKROL reached a bona fide resolution in Plaintiff's favor.

75.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering, including loss of business reputation/goodwill.

76.     As a further direct and proximate result of the conduct of Defendant PEKROL, Plaintiff suffered mental anguish and loss of capacity for the enjoyment of life.  Plaintiff also retained the services of a criminal defense attorney to defend herself against the charges instituted or continued by Defendant PEKROL, and agreed to pay a reasonable fee for his professional services.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Trial by jury as to all issues so triable; and

v.      Such other relief as this Honorable Court may deem just and appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

77.     Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this __4th__ day of April, 2019.

By:__ *s/. Hugh L. Koerner*_____
      Hugh L. Koerner
      Florida Bar No.: 716952
      Email: hlklaw@hughkoerner.com
      Hugh L. Koerner, P.A.
      Sheridan Executive Centre
      3475 Sheridan Street, Suite 208
      FORT LAUDERDALE, FL 33021
      Telephone: (954) 522-1235
      Facsimile:  (954) 522-1176
      *Attorneys for Plaintiff Claudette Pagano*